IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 08-411-16 |
| | ) | |
| RAYSHAWN MALACHI | ) | Civil No. 15-873 |

OPINION

DIAMOND, D.J.

Presently before the court is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 filed by Rayshawn Malachi ("petitioner"). In response, the government has filed a Motion to Dismiss petitioner's §2255 motion (Document No. 2583). Because petitioner knowingly and voluntarily agreed to waive his right to file a §2255 motion or any other collateral proceeding attacking his conviction or sentence, and the enforcement of that waiver will not work a miscarriage of justice, the government's motion to dismiss petitioner's §2255 motion will be granted and the motion will be dismissed.[1]

I. **Background**

Petitioner was one of 27 defendants charged in a 37-count superseding indictment charging, inter alia, a conspiracy to conduct an enterprise through a pattern of racketeering activities.

---

[1] Pursuant to Rule 8(a) of the Rules Governing §2255 Proceedings, the court finds that no evidentiary hearing on petitioner's motion is required. Where the record conclusively shows that a movant is not entitled to relief, the court may dismiss the motion based on the record without a hearing. See United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994). Thus, if the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted in support of a §2255 motion, or if the movant would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion are true, an evidentiary hearing is not required. See Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985). For the reasons set forth herein, the record in this case affirmatively establishes as a matter of law that petitioner's claim for relief has been waived.

Petitioner was charged at Count 2 with RICO conspiracy in violation of 18 U.S.C. §1962(d) and at Count 29 with possession with intent to distribute heroin. Following a guilty plea to Count 2 pursuant to a written plea agreement, petitioner was sentenced on August 30, 2011, to a 120-month term of imprisonment followed by a 3-year term of supervised release. Petitioner did not appeal his conviction or sentence.

On July 7, 2015, nearly four years after his sentencing, petitioner filed the pending §2255 motion, claiming there is "newly discovered" evidence that he is innocent of the RICO offense. Petitioner then elected to amend his §2255 motion, which was to be done by December 15, 2015. Petitioner failed to meet that deadline and subsequently was given an extension of time to file his amendment by March 7, 2016. After that deadline passed, on April 19, 2016, the court issued a Memorandum and Order of Court (Document No. 2575) indicating it construed petitioner's failure to timely file an amendment as a re-election by him to have the §2255 motion adjudicated in its original form, and the government was ordered to respond to petitioner's motion. In response, the government argues that the collateral attack waiver provision set forth in the parties' plea agreement should be enforced, and petitioner's §2255 motion should be dismissed. For the reasons explained below, the court agrees and petitioner's §2255 motion will be dismissed.

## II. Standard of Review

A federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . ." 28 U.S.C. §2255(a).

"As a collateral challenge, a motion pursuant to 28 U.S.C. § 2255 is reviewed much less favorably than a direct appeal of the sentence." United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014). Accordingly, relief under § 2255 is available only when "the claimed error of law was 'a fundamental defect which inherently results in a complete miscarriage of justice,' and . . . 'present[s] exceptional circumstances where the need for the remedy afforded by the writ . . . is apparent.'" Davis v. United States, 417 U.S. 333, 346 (1974) (*quoting* Hill v. United States, 368 U.S. 424, 428 (1962)).

### III. Discussion

Petitioner entered into a negotiated plea agreement with the United States Attorney for the Western District of Pennsylvania which contained the following provision expressly waiving his collateral attack rights:

> "[Petitioner] further waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence."

Plea Agreement, ¶A.5. Despite agreeing to this provision, petitioner has filed a §2255 motion. As stated, the government argues that the waiver should be enforced and petitioner's §2255 motion should be dismissed. Accordingly, we must address whether petitioner's waiver of his right to file a §2255 motion is enforceable.

The United States Court of Appeals for the Third Circuit has upheld a defendant's waiver of his right to file a §2255 motion to vacate sentence under 28 U.S.C. §2255. In United States v. Mabry, 536 F.3d 231 (3d Cir. 2008), the Third Circuit found that such waivers are enforceable "provided that they are entered into knowingly and voluntarily and their enforcement does not work a miscarriage of justice." Id. at 237. Therefore, we must determine the validity of petitioner's

§2255 waiver by "specifically examining the (1) knowing and voluntary nature, based on what occurred and what defendant contends, and (2) whether enforcement would work a miscarriage of justice." Id.

### A.     Knowing and Voluntary Nature of the Waiver

In assessing whether petitioner's §2255 waiver was knowing and voluntary, the court must "review[] the terms of the plea agreement and change-of-plea colloquy and address[] their sufficiency." Mabry, 536 F.3d at 238.

First, regarding the plea agreement, the collateral attack waiver provision is explicitly set forth in ¶A.5 of the agreement, and it is extremely broad and contains no exceptions. Petitioner signed the plea agreement, thereby acknowledging that he read the document, discussed it with his attorney and understood and accepted its terms, including the collateral attack waiver provision.

Next, the court's plea colloquy established that petitioner understood the terms of the agreement, including the waiver of his collateral attack rights. Whether a defendant knowingly and voluntarily enters into a plea agreement containing a waiver turns on whether the "the district court inform[ed] the defendant of, and determine[d] that the defendant underst[ood] . . . the terms of any plea agreement provision waiving the right to appeal or to collaterally attack the sentence as Federal Rule Criminal Procedure 11(b)(1)(N) requires." Mabry, 536 F.3d at 239. In this case, the court complied with Fed.R.Crim.P. 11(b)(1)(N) by informing petitioner that he was waiving his collateral attack rights and confirming he understood that he was doing so.[2]

While under oath at the plea hearing, petitioner acknowledged his signature on the plea letter, confirmed that he had read it and had discussed it with his attorney and affirmed that he had

---

[2] Before accepting a guilty plea, Federal Rule of Criminal Procedure 11(b)(1)(N) requires the court to address the defendant at the plea hearing and inform him that he is waiving his right to appeal and to collaterally attack his sentence.

signed it voluntarily. Counsel for the government then summarized the terms of the plea agreement, including the collateral attack waiver provision. Then, as required by Fed.R.Crim.P. 11(b)(1)(N), the court specifically emphasized petitioner's waiver of his collateral attack rights, again informing petitioner that he was waiving his right to file any post-conviction relief motions, and petitioner indicated that he understood that he was waiving those rights.

The record in this case conclusively establishes petitioner was informed that by pleading guilty he was giving up his right to file a §2255 motion or any other collateral attack proceeding and that he clearly understood that he was waiving that right. Accordingly, the court is satisfied that petitioner's waiver of his right to file such a motion was made knowingly and voluntarily.

### B. No Miscarriage of Justice

Although the court has found that petitioner's waiver of his collateral attack rights was knowing and voluntary, that does not end the inquiry. In determining whether to enforce a waiver, the court also must examine whether enforcement of that waiver, even if knowing and voluntary, would work a miscarriage of justice. Mabry, 536 F.3d at 237. "[A] court has an affirmative duty both to examine the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of justice based on the record evidence before it." Id. at 237-38. In making this assessment, we are to use a "common sense approach" and "look to the underlying facts to determine whether a miscarriage of justice would be worked by enforcing the waiver." Mabry, 536 F.3d at 242, 243.

Utilizing this approach, we are satisfied that the enforcement of petitioner's knowing and voluntary waiver of his right to file a §2255 motion would not work a miscarriage of justice in this case. In Mabry, the Third Circuit identified instances which may constitute a miscarriage of justice, such as if enforcing a collateral attach waiver would bar a defendant's appeal on grounds expressly

preserved in the plea agreement, or if counsel was ineffective in negotiating the plea agreement that contained the waiver. See Mabry, 536 F.3d at 243 (citing United States v. Shedrick, 493 F.3d 292, 303 (3d Cir. 2007); United States v. Wilson, 429 F.3d 455 (3d Cir. 2005)). Neither circumstance is present here. First, enforcement of the collateral attack waiver would not bar petitioner from pursuing relief on any grounds expressly preserved in the plea agreement since the collateral attack waiver agreed to by petitioner was broad and contained no exceptions. Plea Agreement, ¶A.5. Further, petitioner has not alleged that his counsel was ineffective in negotiating the plea agreement that contained the collateral attack waiver provision. Finally, petitioner has not identified "any nonfrivolous ground, not covered by the waiver, for a direct appeal or collateral attack." Mabry, 536 F.2d at 243. In this case, as in Mabry, "[e]nforcing the waiver is in line with justice, not a miscarriage of it." Id. at 244.

For the foregoing reasons, the court finds that petitioner knowingly and voluntarily agreed to waive his right to file a collateral attack of his conviction or sentence, and enforcement of the waiver does not work a miscarriage of justice. As a result, petitioner's §2255 motion is barred by the collateral attack waiver provision contained in his plea agreement, thus the government's motion to dismiss petitioner's §2255 motion will be granted and the motion will be dismissed.

### IV. Conclusion

We conclude that petitioner waived his right to file a motion to vacate, set aside or correct sentence, therefore his §2255 motion must be dismissed.

Local Appellate Rule 22.2 of the United States Court of Appeals for the Third Circuit states that when a final order denying a motion under §2255 is entered, the district court must determine whether a certificate of appealability should issue. Congress has mandated that "[a] certificate of

AO 72
(Rev. 8/82)

- 6 -

appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Where, as here, the court denies relief on procedural grounds, a petitioner is entitled to a certificate of appealability only if he can demonstrate both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the court is correct in its procedural ruling. See, e.g., Slack v. McDaniel, 529 U.S. 473, 484 (2000); Bivings v. Wakefield, 316 Fed. Appx. 177, 179 (3d Cir. 2009).

This court is satisfied that jurists of reason would not find it debatable that petitioner's waiver of his collateral attack rights is enforceable for the reasons outlined above. Slack, 529 U.S. at 484. Further, jurists of reason would not find it debatable that petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability will not be issued in this case.

An appropriate order will follow.

Date: June 8, 2016

Gustave Diamond
United States District Judge

cc: Charles A. Eberle
Assistant U.S. Attorney

Rayshawn Malachi