IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 08-411-16 |
| | ) | |
| RAYSHAWN MALACHI | ) | |

<u>MEMORANDUM AND ORDER OF COURT</u>

Presently before the court is a second *pro se* Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence (Document No. 2609) filed by Rayshawn Malachi ("defendant") in the above-captioned case. Because defendant has not received certification from the United States Court of Appeals for the Third Circuit to file a second §2255 motion, the motion will be dismissed without prejudice.

Petitioner was one of 27 defendants charged in a 37-count superseding indictment charging, <u>inter alia</u>, a conspiracy to conduct an enterprise through a pattern of racketeering activities. Petitioner was charged at Count 2 with RICO conspiracy in violation of 18 U.S.C. §1962(d) and at Count 29 with possession with intent to distribute heroin. Following a guilty plea to Count 2 pursuant to a written plea agreement, petitioner was sentenced on August 30, 2011, to a 120-month term of imprisonment followed by a 3-year term of supervised release. Petitioner did not appeal his conviction or sentence.

Defendant subsequently filed a motion under 28 U.S.C. §2255 to vacate, set aside or correct sentence, which this court dismissed on June 8, 2016.[1] Defendant did not file an appeal of that decision. However, on June 24, 2016, defendant filed a second §2255 motion in which he claims that he is entitled to relief under Johnson v. United States, 135 S.Ct. 2551 (2015).[2]

Defendant already has sought relief under §2255 and that motion was ruled upon by this court. Therefore, before defendant may file a second or successive petition, he must have it certified, as provided in 28 U.S.C. §2244, by a panel of the appropriate court of appeals. See 28 U.S.C. §2255(h). "Before a second or successive application permitted by this section is filed in the district court, the applicant *shall move in the appropriate court of appeals* for an order authorizing the district court to consider the application." 28 U.S.C. §2244(a)(3)(A) (emphasis added); see also, Rule 9 of the Rules Governing §2255 Proceedings ("[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion. . . .").

Because defendant has not received certification from the United States Court of Appeals for the Third Circuit to file a second §2255 motion, this court has no authority to consider his motion. See Holland v. Warden Canaan USP, 569 Fed.Appx. 86, 87 (3d Cir. June 17, 2014)

---

[1]The court granted the government's motion to dismiss defendant's §2255 motion because defendant knowingly and voluntarily agreed to waive his right to file a §2255 motion or any other proceeding attacking his conviction or sentence, and the enforcement of that waiver did not work a miscarriage of justice.

[2]According to defendant, the court applied a career offender enhancement in calculating an advisory guidelines range of 210 to 262 months. Defendant is incorrect. Although the court found defendant was a career offender based on two prior state court felony convictions of controlled substance offenses, the court determined defendant's advisory guidelines range was 151 to 188 months, see Memorandum Order and Tentative Findings and Rulings (Document No. 1927), ¶¶2(g) and 2(j), but sentenced him to a term of 120 months imprisonment.

2

AO 72
(Rev. 8/82)

(district court lacks jurisdiction to consider unauthorized §2255 motion). Accordingly, defendant's motion will be dismissed without prejudice to him seeking authorization from the Third Circuit Court of Appeals to file a second or successive §2255 motion.

An appropriate order follows.

ORDER OF COURT

AND NOW, this 18th day of July, 2016, for the reasons set forth in the Memorandum above, IT IS ORDERED that defendant's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence (Document No. 2609) be, and the same hereby is, **dismissed without prejudice**.

Gustave Diamond
United States District Judge

cc: Charles A. Eberle
Assistant United States Attorney

Rayshawn Malachi

AO 72
(Rev. 8/82)